**Edward D. ASHFORD, Plaintiff,**

v.

**Mayor Marion S. BARRY, Jr., et al., Defendants.**

**Civ. A. No. 87–792 SSH.**

United States District Court, District of Columbia.

April 27, 1990.

Edward D. Ashford, pro se.

Harry T. Alexander, Jr., Asst. Corp. Counsel, D.C., Washington, D.C., for defendants.

## MEMORANDUM ORDER

STANLEY S. HARRIS, District Judge.

This matter is before the Court on defendants' motion to dismiss or in the alternative for summary judgment. For the reasons set forth below, defendants' motion is granted.

On August 31, 1986, plaintiff, a prisoner then housed at the District of Columbia Central Detention Facility (D.C. Jail), was involved in an incident in which a group of inmates were throwing lighted paper, trash, water, blankets, and towels on the bottom left tier of cellblock North 3. In an effort to restore order, defendants Officer

Alexander, Captain Bynum, Officer Wood, and Lieutenant Mundy responded to the scene. Captain Bynum ordered a shakedown of the tier, and, as a result, plaintiff's property was confiscated and stored for safekeeping.

In his complaint, plaintiff alleges that defendant corrections officers seized his property without providing him with a receipt, and ultimately failed to return some of his property, most notably a gold wedding band, in violation of his due process rights. He furthermore alleges that he was subjected to cruel and unusual punishment as the result of the seizure of his blankets, sheets, and toiletries for 27 hours, the curtailment of his toilet privileges for 27 hours, and his being kicked in the leg by defendant Alexander, after which he was denied medical treatment.

■■■ First, as to plaintiff's due process claim, receipts for seized property are "not necessarily issued on the spot.... [but rather] are issued as soon as practical [sic]." Affidavit of Kenneth Bynum. However, when jewelry or other valuables are seized, a receipt is issued immediately. *Id.* A prison regulation is valid "if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 2262, 96 L.Ed.2d 64 (1987). Clearly, the policy of issuing receipts for seized property as soon as practicable is reasonable, as this case demonstrates. Prison officials cannot be expected to issue receipts while they are attempting to restore order following a disturbance. After all, " 'central to all other corrections goals is the institutional consideration of internal security within the correctional facilities themselves'.... [and] the judiciary is duty bound to uphold the reasonable judgments of responsible officials on that score." *Phillips v. Bureau of Prisons*, 591 F.2d 966, 972 (D.C.Cir.1979) (citing *Pell v. Procunier*, 417 U.S. 817, 823, 94 S.Ct. 2800, 2804, 41 L.Ed.2d 495 (1974)). Accordingly, the Court finds that the defendants' actions in this regard were reasonable. In addition, defendant Alexander denies having taken a ring belonging to plaintiff and provides the Court with a receipt for his own ring that he purchased. Affidavit of Adrian Alexander, attached receipt. Plaintiff, in his opposition, does not provide the Court with any additional evidence setting forth specific facts to show a genuine issue as to the ring, but merely rests on the allegations of the complaint. Thus, summary judgment is appropriate on this claim.

■■■ As to plaintiff's claims of cruel and unusual punishment, the Eighth Amendment prohibits punishments that "involve the unnecessary and wanton infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 346, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)). Put another way, it prohibits inflictions of pain that are "totally without penological justification." *Rhodes*, 452 U.S. at 346, 101 S.Ct. at 2399 (quoting *Gregg*, 428 U.S. at 183, 96 S.Ct. at 2929). Thus, not every governmental action affecting the interests of a prisoner is subject to Eighth Amendment scrutiny. *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986). The seizure of plaintiff's sheets, blankets, and toiletries under these circumstances surely does not rise to the level of an Eighth Amendment violation. The articles were seized because they were being used to create a disturbance. In responding to an inmate disturbance, prison officials must make judgments and take actions to restore order quickly, in order to ensure the safety of the inmates and of themselves. The actions were justified and did not deprive plaintiff of a basic human need.

■■ Plaintiff also alleges that he was denied toilet privileges for 27 hours. Defendant Alexander denies this, claiming that plaintiff was never moved from the housing unit. Affidavit of Adrian Alexander. Plaintiff does not provide any new facts to refute the affidavit, nor does he ever allege that he was forced to urinate or defecate on his person. Although defendants admit that the water may have been turned off after the disturbance, presumably because the inmates were throwing

water, this simply fails to rise to the level of an Eighth Amendment violation.

 Plaintiff further alleges that defendant Alexander kicked him in the leg during the shakedown, and that he was then denied medical treatment. The defendant denies having ever kicked plaintiff, *id.*, and plaintiff provides the Court with no specific facts to show that this is a genuine issue. Furthermore, even if this defendant did strike plaintiff in any way, the management of a large number of prisoners by a few guards may require and justify an occasional use of a certain degree of intentional force. *Johnson v. Glick*, 481 F.2d 1028, 1032 (2d Cir.), *cert. denied*, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973). "The infliction of pain in the course` of a prison security measure, therefore, does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense." *Whitley*, 475 U.S. at 319, 106 S.Ct. at 1084. In using force to restore order, "prison officials undoubtedly must take into account the very real threats the unrest presents to inmates and prison officials alike...." *Id.* Plaintiff has provided no facts to suggest that, even if he were kicked, the force used was anything other than an order-restoring gesture. Plaintiff certainly falls short of showing that he was maliciously kicked merely for the purpose of causing harm.

 Finally, as to plaintiff's claim that he was denied medical treatment after being kicked in the leg, he has failed to plead an omission by the prison official defendants sufficiently harmful to evidence deliberate indifference to his serious medical needs, as required by *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). Plaintiff does not allege any serious injury or serious consequences resulting from an untreated injury. Furthermore, if he had legitimately requested medical attention, he would have received it. Affidavit of Kenneth Bynum. In sum, plaintiff has not alleged specific facts to show that he had a serious medical need that was intentionally ignored. Thus, this Eighth Amendment claim also must fail.

SO ORDERED.